UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE ROSS,

    Plaintiff,

v.

                                            Case No. 8:11-cv-983-T-33EAJ

FIRST LIBERTY INSURANCE CORP.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on the parties' Joint Stipulation and Motion to Stay Bad Faith and Bifurcate Damages Determination from Bad Faith Liability Determination (Doc. # 6), filed on July 8, 2011. The parties ask this Court to stay the liability portion of Plaintiff's bad faith claim until the actual damages Plaintiff suffered have been determined. The parties have also filed a Case Management Report proposing a schedule for the damages portion of the suit. (Doc. # 5). For the reasons that follow, the Court grants the motion.

**I.   Background**

This lawsuit arises from an automobile accident on November 3, 2004. According to her Second Amended Complaint, Plaintiff Michelle Ross was injured when her vehicle was struck by an underinsured vehicle. (Doc. # 2 at ¶¶ 4-5). Both

Ross and the underinsured motorist were insured by First Liberty. (Id. at ¶¶ 3-4).

By April 15, 2005, Ross had been evaluated by an orthopedic surgeon, who opined that she required surgery. (Id. at ¶ 8). Ross alleges that First Liberty failed to timely pay the surgeon under her policy's PIP coverage. (Id. at ¶ 9).

Ross further alleges that after she demanded the stackable UM policy limits of $50,000 under her policy, First Liberty offered to settle the claim for $6,000. (Id. at ¶¶ 11-12). Ross refused that offer, and the parties proceeded to mediation. (Id. at ¶¶ 12-14). The mediation was unsuccessful, and Ross filed suit in state court on or about July 2, 2008, for UM benefits. (Id. at ¶ 15). First Liberty offered to settle for $20,000 on December 3, 2008, if the offer was accepted on or before December 5, 2008. (Id. at ¶ 16).

Ross then filed a Civil Remedy Notice on October 26, 2009, pursuant to Fla. Stat. § 624.155, alleging bad faith against First Liberty. (Id. at ¶ 18). Ross asserts that First Liberty proposed settlement in the amount of $35,000 on January 28, 2010, more than 60 days after service of that notice. (Id. at ¶ 21).

On or about March 21, 2011, First Liberty confessed judgment under the UM coverage limits. (Id. at ¶ 24). Final

2

judgment was entered by the state court. (Doc. # 1 at ¶ 3). On April 5, 2011, Plaintiff filed her Second Amended Complaint in state court, alleging statutory bad faith. (Id.). First Liberty removed to this court on May 5, 2011. (Id.).

On July 8, 2011, the parties filed the Joint Stipulation and Motion to Stay Bad Faith and Bifurcate Damages Determination from Bad Faith Liability Determination (Doc. # 6) and their proposed schedule for the damages portion of the suit (Doc. # 5).

## II. Analysis

The parties assert that, under Florida law, Ross must establish the amount of damages she suffered from the accident before pursuing allegations of bad faith. (Doc. # 6 at ¶ 2). The Florida Supreme Court has held that a determination of the existence of liability and the extent of the plaintiff's damages are elements requisite to a cause of action for bad faith failure to settle. Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991). Thus there is no cause of action in a bad faith claim until a determination of damages has been made. XL Specialty Ins. Co. v. Skystream, Inc., 988 So. 2d 96, 98 (Fla. 3d DCA 2008). The parties state that such a determination has not yet been made in this

matter. The Court therefore finds that it is appropriate to stay Ross' bad faith claim until damages have been determined.

The parties further ask the Court to bifurcate the damages determination from the bad faith claim. Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). "[T]he Eleventh Circuit recognizes that Rule 42(b) 'confers broad discretion on the district court'" to permit bifurcation of a trial. Medtronix Xomed, Inc. v. Gyrus ENT, LLC, 440 F. Supp. 2d 1333, 1335 (M.D. Fla. 2006) (quoting Harrington v. Cleburne Co. Bd. of Educ., 251 F.3d 935, 938 (11th Cir. 2001)).

Florida courts have held that an insurer would suffer irreparable harm, including discovery of the insurer's claim files, if forced to defend a bad faith claim and the underlying claim simultaneously. See Vanguard Fire & Cas. Co. v. Golmon, 955 So. 2d 591 (Fla. 1st DCA 2006); Allstate Ins. Co. v. Baughman, 741 So. 2d 624 (Fla. 2d DCA 1999). In their

4

Case Management Report, the parties stipulate that bifurcation is needed "to avoid improper production of the claim file and other work product discovery before the determination of damages." (Doc. # 5 at 8.) The Court therefore grants the motion to bifurcate this matter. The Court will address the parties' Case Management Report relating to the damages portion of the suit by separate order.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED**:

1. The Parties' Joint Stipulation and Motion to Stay Bad Faith and Bifurcate Damages Determination from Bad Faith Liability Determination (Doc. # 6) is **GRANTED**.

2. The Court will enter a separate order regarding the parties' Case Management Report.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of July 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

5